19348—Almina Hilty v. Herschel Gilbert; error to Putnam Appeals. Judgment affirmed. Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 9-9-25; 3 Abs. 580; OS. Pend. 3 Abs. 694.

19350—Jasper Pope, Admr., v. Herschle Gilbert; error to Putnam Appeals, Judgment affirmed. Marshall. C J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Same as No. 19348.

## MOTION DOCKET

19653—Michigan Auto Ins. Co. v. John Van Buskirk. Motion for Cuyahoga Appeals to certify. Reheard and motion allowed. Dock. 3-2-26; 4 Abs. 160; OA. 2 Abs. 55; mo. cer. ov. 4 Abs. 275.

19742—Harvey C. Brown v. Curtis R. Macklin. Motion for Mahoning Appeals to certify. Overruled. Dock. 4-3-26; 4 Abs. 238.

19745—Stephen Bender et al v. American Ry. Exp. Co. Motion for Hamilton Appeals to certify. Overruled. Dock. 4-5-26; 4 Abs. 238.

19746—Louis G. Kusze et v. James F. Baumgardner et. Motion for Lucas Appeals to certify. Overruled. Dock. 4-5-26; 4 Abs. 238..

19750—Julian L. Franck v. Seavey Mfg. Co. Motion for Lucas Appeals to certify. Overruled. Dock. 4-7-26; 4 Abs. 255; OA. 4 Abs. 299.

19758—Jacob Heddesheimer v. C. W. Milliken. Motion for Summit Appeals to certify. Overruled. Dock. 4-8-26; 4 Abs. 255.

19768—John Paskel et v. Charles Yannelli. Motion for Perry Appeals to certify. Overruled. Dock. 4-13-26; 4 Abs. 274; OA. 4 Abs. 325.

19773—Elizabeth Remix v. Cleveland Trust Co. et Motion for Summit Appeals to certify. Overruled. Dock. 4-15-26; 4 Abs. 274.

19774—Atlas Securities Co. of Indianoplis, Ind., v. A. W. Van Sweringen, as constable. Motion for Ashland Appeals to certify. Overruled. Dock. 4-15-26; 4 Abs 274.

19777—Valley Oil Co. v. Mary Vaughn. Motion for Mahoning Appeals to certify. Overruled. Dock. 4-16-26; 4 Abs. 274.

---

## Abstracts of This Week's
## SUPREME COURT OPINIONS

### SYLLABUS

### No. 472

No. 19494—Charles E. Sommers v. Barbara Doersam, Reichmann P. Knell and H. J. Ossing, Administrator de bonis non with the will annexed of the estate of Phillip Knell, deceased. Error to the Court of Appeals of Franklin County.

1271. WILLS—Plain and natural meaning of words and of technical terms used cannot be departed from to give effect to supposed intention of testator, but it must be found in the words of the will construed according to rules of interpretation, and admissible facts, and circumstances.

DAY J.

In the construction of a will where the words, when given their natural, ordinary and generally accepted meaning, are plain and unambiguous and when technical terms used in the will have an equally plain and well known meaning and show a clear intention on the part of the testator, then such meaning cannot be departed from for the purpose of giving effect to what may be supposed was the intention of the testator. Such intention must be found in the words actually used in the will, construed in the light of the established rules of interpretation and such evidence of extrinsic facts and circumstances as are properly admissible in a suit for construction of a will.

Judgment affirmed.

Marshall, C. J., Jones, Mathias, Allen, Kinkade and Robinson, JJ., concur.

---

We have Completed
The Ohio Law Abstract

# TERNARY DIGEST
# FOR 1926

Covering The Past Three Years of Court Work

Copies are now Ready For Mailing

Its Contents are the equivalent of many Ohio Two Volume Digests, but it sells for less than half the price, from others, of the ordinary one volume work.

No matter what other Digest you have, or buy, two-thirds of the Cases in the Ternary will not be in your Digest.

### 3750 CASES ARE MANY

But if your adversary has the Ternary, and you do not, he has a repertoire, of over that number of Cases to draw from, to use against you, of most of which you are ignorant. Then

### WHAT IS LIKELY TO HAPPEN
### TO YOU?

Price $7.50, but Now $6.00. Cash with the Order.